## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY

**SYLVESTER MARTIN,**

       **Petitioner,**

**v.**

                                   **Case No. 5:14-cv-29250**

**JOE COAKLEY, Warden,**
**FCI Beckley,**

       **Respondent.**


### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241(c)(3) and 2255(e) (ECF No. 2) and the petitioner's Motion for Release Pursuant to Fed. R. Civ. P. 23(a)[1] (ECF No. 12). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### BACKGROUND

On March 22, 2006, the petitioner was found guilty by a jury in the United States District Court for the Middle District of Pennsylvania of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Subsequently, it was determined that the Armed Career Criminal Act (hereinafter "ACCA" of "the Act"), 18

---

[1] Rule 23(a) of the Federal Rules of Civil Procedure pertains to civil class action lawsuits. The undersigned believes that the petitioner intended to cite to Rule 23 of the Federal Rules of Appellate Procedure, which will be further addressed *infra*.

U.S.C. § 924(e)(1) applied, and the petitioner was sentenced to a term of imprisonment of 276 months, followed by a five-year term of supervised release.  Judgment, ECF No. 257, *United States v. Martin*, Case No. 1:03-cr-00360 (M.D. Pa, Oct. 17, 2006).

The petitioner appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit, asserting that his indictment violated the statute of limitations and that his Sixth Amendment right to counsel was violated.  The Third Circuit affirmed the petitioner's Judgment on May 28, 2008.  Judgment, *United States v. Martin*, No. 06-4494, 311 F. App'x 517 (3d Cir., May 28, 2008).

On June 2, 2009, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Middle District of Pennsylvania, which was denied on June 16, 2010.  Memorandum and Order, ECF No. 299, *United States v. Martin*, Case No. 1:03-cr-00360, 2010 WL 2505911 (M.D. Pa. June 16, 2010).  A certificate of appealability was denied.  *Id.*

On December 3, 2014, the petitioner, who is presently incarcerated at the Federal Correctional Institution in Beckley, West Virginia, filed the instant section 2241 petition, asserting that he is "actually innocent of being an armed career criminal pursuant to 18 U.S.C. § 924(e)(1)."   Subsequently, on June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the Supreme Court considered a provision of the ACCA that provides for a sentencing enhancement for a felon possessing a firearm when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The ACCA defines a "violent felony" as a crime punishable

...by imprisonment for a term exceeding one year... that
(i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(emphasis added).  The bolded and italicized portion of this definition has come to be known as the Act's "residual clause." In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally vague and that imposing an increased sentence thereunder violates due process. 135 S. Ct. at 2555-2563.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether *Johnson* applies retroactively to the sentences of defendants whose convictions had previously become final. *Welch v. United States*, 136 S. Ct. 790, 2016 WL 90594 (2016).

On March 9, 2016, the undersigned entered an Order to Show Cause, directing the respondent to file a Response to the section 2241 petition.  Then, on April 18, 2016, the Supreme Court determined that *Johnson* changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

On May 20, 2016, the respondent filed his Response (ECF No. 13), asserting that, although the petitioner's section 2241 petition was filed prior to *Johnson*,[2] that decision potentially has application to the petitioner's claims for relief.  The Response further asserts that a section 2241 petition is not the proper avenue for such relief, as the

_____

[2]  Consequently, the petitioner's section 2241 petition does not cite to *Johnson*.  However, his subsequent Motion for Release pursuant to Rule 23(a) (addressed *infra*) does reference *Johnson*.

petitioner's claims now meet the gateway criteria for review under 28 U.S.C. § 2255. However, because the petitioner already unsuccessfully filed a section 2255 motion in the Middle District of Pennsylvania, the respondent contends that the petitioner must seek authorization from the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. §§ 2255(h) and 2244(a).

On April 21, 2016, the undersigned set a deadline of July 6, 2016 for a reply by the petitioner. However, because the one-year statute of limitations period under 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in *Johnson* expires on June 26, 2016, by separate Order, the undersigned has suspended the reply deadline and hereby recommends that this matter be transferred to the United States Court of Appeals for the Third Circuit for authorization to file a second or successive section 2255 motion.

## <u>ANALYSIS</u>

**A.  The petitioner's section 2241 petition should be treated as a second or successive section 2255 motion and should be transferred to the United States Court of Appeals for the Third Circuit**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. 28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333

(4ᵗʰ Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. One of the "gatekeeping provisions of section 2255 is that a defendant cannot file a second or successive section 2255 motion unless he meets the criteria of section 2255(h), which provides as follows:

> (h)  A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > **(2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.**

28 U.S.C. § 2255(h) (Emphasis added).

The respondent's Response asserts that the petitioner's claim is appropriately reviewed under section 2255, not section 2241, because it involves the imposition, rather than the execution of his sentence, and because, in light of *Johnson* and *Welch*, the petitioner can now meet the gatekeeping provision under section 2255(h)(2). (ECF No. 13 at 3). The respondent further contends that such a motion must be pursued in the court of conviction, which in this case is the United States District Court for the Middle District of Pennsylvania.

However, because the petitioner filed a prior section 2255 motion in that court, the respondent further contends that this court may also construe the section 2241 petition as a request for permission to file a second or successive section 2255 motion and transfer the matter to the United States Court of Appeals for the Third Circuit. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003); *see also In re Bradford*, 660 F.3d 226, 228 (5th Cir. Oct. 7, 2011) (finding that, pursuant to 28 U.S.C. § 1631, a district court could transfer a section 2241 petition found to be a successive section 2255 motion to the appropriate court of appeals with jurisdiction to determine whether such filing should be authorized).

6

Because the Supreme Court announced in *Welch* that *Johnson* is a new rule of constitutional law made retroactive to cases on collateral review, the petitioner cannot demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention because he now meets the gatekeeping provisions of section 2255.  Therefore, seeking relief from this court pursuant to section 2241 is inappropriate.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner must seek relief from his sentencing court pursuant to section 2255.

Additionally, because any such section 2255 motion filed by the petitioner would be a second or successive motion, the undersigned further proposes that the presiding District Judge **FIND** that the petitioner must seek authorization from the appropriate court of appeals to file a second or successive section 2255 motion based on "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

## <u>NOTICE TO PETITIONER</u>

The petitioner is hereby **NOTIFIED** that section 2255 provides a time limit on filing such motions:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme**

> **Court and made retroactively applicable to cases on collateral review; or**
>
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (Emphasis added).  The petitioner is further **NOTIFIED** that the one-year statute of limitations period under 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in *Johnson* expires on **June 26, 2016**.  Thus, the petitioner must act quickly to make the appropriate filings in order to have his *Johnson*-related claims considered.

**The petitioner is further NOTIFIED that if you intend to file a *Johnson* claim, you <u>MUST</u> do so before <u>June 26, 2016</u>.  Understand that nothing in this Proposed Findings and Recommendation, or any objections hereto will change or extend this date.   You <u>MUST</u> file an application seeking authorization to file a successive section 2255 motion based on a *Johnson* claim with the United States Court of Appeals for the Third Circuit before <u>June 26, 2016</u>.**

**B.    The petitioner's Motion for Release pursuant to Rule 23(a) should be denied.**

On May 13, 2016, the petitioner filed a Motion for Release Pursuant to Rule 23(a) (ECF No. 12).  As explained above, the undersigned believes that the petitioner intended to cite Rule 23(a) of the Federal Rules of Appellate Procedure, which governs the custody or release of a prisoner in a habeas corpus proceeding.  However, as explained in the undersigned's prior Order entered on March 9, 2016, and as apparent from the language of the various subsections of Rule 23, such rule is applicable only in the context of "a review of a *decision . . . .*" *See* Fed. R. App. P. 23(b) and (c).  Hence, this rule "<u>applies only</u>

<u>when a habeas action is before the court of appeals on review of a district court's decision</u>."

*Mitchell v. McCaughtry*, 291 F. Supp.2d 823, 835 (E. D. Wisc. 2003).[3] *Id.* (Emphasis added).

In the instant case, the District Court has not yet made a decision on the petitioner's habeas corpus petition and there is presently no appeal. Thus, Rule 23 of the Federal Rules of Appellate Procedure appears to be inapplicable at this time and inappropriate for this court to address. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Motion for Release pursuant to Rule 23(a) should be **DENIED**.

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge construe the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2255(e) (ECF No. 2) as s a second or successive Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and **TRANSFER** it to the United States Court of Appeals for the Third Circuit for consideration under 28 U.S.C. §§ 2244(a) and 2255(h) as to whether the petitioner should be authorized to file a second or successive section 2255 motion in the United States District Court for the Middle District of Pennsylvania. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Motion for Release Pursuant to Rule 23(a) (ECF No. 12).

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United

---

[3] Although the *Mitchell* decision implicated subsection (a) of Rule 23, which governs transfer of custody pending review, the Court's statement appears to be equally applicable to the other subsections of the Rule.

States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Berger and the opposing party.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

 June 9, 2016

Dwane L. Tinsley
United States Magistrate Judge