**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

SYLVESTER MARTIN,

      Petitioner,

v.                                CIVIL ACTION NO.  5:14-cv-29250

UNITED STATES OF AMERICA,

      Respondent.


**MEMORANDUM OPINION AND ORDER**


The Court has reviewed the *Petition for Habeas Corpus Relief Under 28 U.S.C. §§ 2241(c)(3) and 2255(e) Based on Actual Innocence* (Document 2), filed on December 3, 2014, and brought on the grounds that the Petitioner was wrongfully sentenced as an Armed Career Criminal. The Petitioner asserts that he did not have three qualifying predicate offenses.  The Court has also reviewed the Petitioner's *Motion for Release Pursuant to Fed. R. Civ. P. 23(a)* (Document 12), filed on May 13, 2016, wherein he asserts that his predicate offenses were counted under the "residual clause" of 18 U.S.C. § 924(e)(2)(B) in violation of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

By *Standing Order* (Document 3) entered on December 3, 2014, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On March 9, 2016, the Magistrate Judge ordered the Respondent to file an answer and show cause, if any, why the writ of habeas corpus should not be granted.  (Order, Document 5.)  On May 20,

2016, the United States filed the *United States' Response to Order to Show Cause* (Document 13), wherein it indicated that the Petitioner's allegations appear to include potentially meritorious claims pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), made retroactive in *Welch v. United States*, 136 S.Ct. 790, 2016 WL 90594 (2016).   The United States argued that the Petitioner's challenge to his conviction and sentence must be pursued under 28 U.S.C. § 2255 in his sentencing court in the Middle District of Pennsylvania.  As he has filed a previous Section 2255 petition, the United States suggests transferring this case to the Third Circuit Court of Appeals for authorization to file a second or successive Section 2255 motion.

On June 9, 2016, the Magistrate Judge submitted his *Proposed Findings and Recommendation* (PF&R) (Document 15).  The Magistrate Judge recommended that this Court deny the Petitioner's motion for release, and construe the Petitioner's Petition as a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and transfer it to the United States Court of Appeals for the Third Circuit for consideration under 28 U.S.C. §§ 2244(a) and 2255(h).[1]  The Magistrate Judge's PF&R provided notice of the Petitioner's right to object to the re-characterization of his § 2241 motion, as well as the one-year deadline applicable to *Johnson* claims.    Finally, the Magistrate Judge recommended that this Court deny the Petitioner's motion for release, pursuant to Rule 23(a) of the Federal Rules of Appellate Procedure. Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by June 27, 2016.

---

[1] Because the Petitioner has filed a previous § 2255 petition, he must file an application pursuant to 28 U.S.C. § 2244 with the Third Circuit Court of Appeals seeking authorization to file a successive § 2255 petition.  At the time the Petitioner filed his petition, his only potential avenue of relief was via § 2241 and the "savings clause."  However, the Supreme Court subsequently decided *Johnson* and *Welch*.  Therefore, the Petitioner's claims may now meet the gateway criteria of § 2255(f) and (h).

2

On June 21, 2016, the Petitioner filed his *Motion to Objection of Proposed Findings and Recommendation Pursuant to Fed. R. Civ. P. 8(b)* (Document 17). On June 30, 2016, the Petitioner filed his *Motion to Amend Petition for Habeas Corpus Relief Under 28 U.S.C. §§ 2241 and §§ 2255(e) Based on Factual and Actual Innocence Pursuant to Fed. R. Civ. P. 15(a)* (Document 18).

The Court is required to make a *de novo* determination of the validity of the findings of a magistrate judge where a party makes specific objections. 28 U.S.C. § 636(b)(1)(B). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. *Thomas v. Arn*, 474 U.S. 150, 150 (1985). In addition, the Court need not conduct de novo review where a party makes "general and conclusory objections that do not direct the Court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Here, the Petitioner does not make any specific objections to the findings of the Magistrate Judge. Instead, in his objection, the Petitioner seeks to radically alter the basis of his petition and withdraw his claims under *Johnson*, in order to avoid the Magistrate Judge's finding that he has, in fact, filed a successive petition under Section 2255. This is the exact type of "general" objection contemplated in *Orpiano*. The Court must consider that the Petitioner is acting *pro se*, and liberally construe his pleadings, in accordance with *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, liberal construction does not require the Court to permit a petitioner to completely revise the basis for a Section 2241 petition in an objection. Nonetheless, because the Petitioner has objected to the transfer and reclassification of his Section 2241 petition, and subsequently sought to amend his Section 2241 petition, the Court will consider the Petitioner's objections. The Court will also grant

3

the Petitioner's request to amend his Section 2241 petition, and review the claims therein.[2]
Granting the Petitioner's request to amend moots much of the Magistrate Judge's PF&R.

In both his objection and motion to amend, the Petitioner sets forth a litany of reasons why his Section 2241 motion should be granted.  There are several common threads.  The Petitioner asserts that the United States District Court for the Middle District of Pennsylvania lacked jurisdiction to try him, based on his prior arraignment and subsequent mistrial on the same underlying conduct in the Court of Common Pleas of Dauphin County, Pennsylvania.  (Mot. to Amend, at 4.)  The Petitioner asserts that the same district court lacked jurisdiction to try him, because the Court of Common Pleas of Dauphin County had yet to rule on his motion for violation of his speedy trial rights.  (*Id.* at 5.)  He also asserts that his indictment in federal court was the result of an "unlawful, illegal, and vindictive prosecution by iniquitous and incorrigible defense attorney's[sic], prosecutors, and judges acting in concert to keep him wrongly incarcerated."  (*Id.* at 12.)   The Petitioner further claims that his indictment by federal officials violated the "petite policy" governing federal prosecutions for conduct previously subject to prosecution in state court.  (*Id.*)   He asserts that he received constitutionally ineffective assistance of counsel, based on purported conflicts between his numerous counsel of record and the United States Attorney's Office for the Middle District of Pennsylvania (*Id.* at 17-18.), and that the Hon. Yvette Kane, District Judge for the Middle District of Pennsylvania, violated his Constitutional rights by refusing to recuse herself from his case.  (*Id.* at 29.)   Finally, the Petitioner argues that his due process rights were violated by a court ordered psychiatric screening.  (Objections, at 12.)

---

[2] In granting the Petitioner's motion to amend, and to strike his claims under *Johnson*, the Court notes that the Third Circuit recently granted the Petitioner's request to proceed with a successive petition under Section 2255 in the Middle District of Pennsylvania, based on his claims under Johnson.  *See* Order of United States Court of Appeals, *United States v. Martin*, No. 1:03-cr-00360-YK (M.D.Pa. July 6, 2016) (Document No. 305).

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. 28 U.S.C. § 2255. However, Section 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under Section 2241 where Section 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under Section 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). A district court will have jurisdiction over a Section 2241 petition only if the petitioner is confined in that district. *Poole*, 531 F.3d at 270, citing *In re Jones*, 226 F.3d at 333-34. At the time the Petitioner filed his Section 2241 motion, he was incarcerated at FCI-Beckley, within the jurisdiction of this Court.

While the Court would have jurisdiction to adjudicate the merits of the Petitioner's Section 2241 Petition, this is ultimately irrelevant, because the Petitioner cannot satisfy the "inadequate or ineffective" language of Section 2255. In the Fourth Circuit, a Section 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269, quoting *In re Jones*, 226 F.3d at 333-34. One of the gatekeeping provisions of Section 2255 is that a defendant cannot file a second or successive Section 2255 motion unless he meets the criteria of Section 2255(h).[3] Section 2255(h) requires that a petitioner obtain

---

[3] The Petitioner previously filed a Section 2255 petition in the Middle District of Pennsylvania. That petition was denied on June 16, 2010.

5

certification from the "appropriate" court of appeals before filing a second or successive Section 2255 petition.  28 U.S.C. §2255(h).

The Court has granted the Petitioner's motion to amend his petition, and to strike his claims under *Johnson*.  Therefore, to consider the Petitioner's Section 2241 motion, the Court must find that after the Petitioner was convicted of being a felon in possession of a firearm on April 13, 2003, sentenced for that offense as an Armed Career Criminal on October 17, 2016, and after the Petitioner filed his first Section 2255 motion on June 2, 2009, another change in the "substantive law" rendered his conduct not to be criminal.  The Petitioner does not cite to or identify any intervening change in substantive law which satisfies this test for any of his numerous allegations. Nor is the Court aware of any such change in substantive law relevant to Petitioner's allegations or offense of conviction.

Because the Petitioner cannot show an intervening change in law, the Petitioner cannot satisfy Fourth Circuit precedent regarding the Section 2255 savings clause.  Therefore, a Section 2255 petition is an adequate remedy for testing the legality of the Petitioner's detention, and the Court cannot consider the Section 2241 petition.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Motion to Amend Petition for Habeas Corpus Relief Under 28 U.S.C. §§ 2241 and §§ 2255(e) Based on Factual and Actual Innocence Pursuant to Fed. R. Civ. P. 15(a)* (Document 18) be **GRANTED** and that the *Motion to Objection of Proposed Findings and Recommendation Pursuant to Fed. R. Civ. P. 8(b)* (Document 17) be **OVERRULED**.  The Court further **ORDERS** that the *Petition for Habeas Corpus Relief Under 28 U.S.C. §§ 2241(c)(3) and 2255(e) Based on Actual Innocence* (Document

2), as amended, and the *Motion for Release Pursuant to Fed. R. Civ. P. 23(a)* (Document 12) be

**DENIED.**  The Court **ADOPTS** the *Proposed Findings and Recommendation* (Document 15) of

the Magistrate Judge to the extent it recommends denying the *Petitioner's Motion for Release*

*Pursuant to Fed. R. Civ. P. 23(a).*  Lastly, the Court **ORDERS** that this case be **DISMISSED** and

**STRICKEN** from the docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Honorable

Dwane L. Tinsley, to counsel of record, and to any unrepresented party.


ENTER:          September 13, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA